IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Sarfraz DURRANI and<br>Gihane ASKAR<br>590 S. 15th Street, #428<br>Arlington, VA 22202<br><br>     Plaintiffs<br><br>     v.<br><br>Michael CHERTOFF<br>U.S. Dept. of Homeland Security<br>245 Murray Lane, Building 410, SW<br>Washington, DC 20528;<br><br>U.S. DEPT. OF HOMELAND SECURITY<br>245 Murray Lane, Building 410, SW<br>Washington, DC 20528;<br><br>Emilio T. GONZALEZ<br>U.S. Citizenship & Immigration<br>Services<br>20 Massachusetts Ave., N.W.<br>Washington, DC 20529;<br><br>Paul Novak, Director<br>USCIS Vermont Service Center<br>75 Lower Welden Street<br>St. Albans, VT 05478;<br><br>District Director<br>USCIS Washington District<br>2675 Prosperity Ave.<br>Fairfax, VA 22031;<br><br>U.S. CITIZENSHIP & IMMIGRATION<br>SERVICES<br>20 Massachusetts Ave., N.W.<br>Washington, DC 20529;<br><br>Robert S. MUELLER, III<br>Federal Bureau of Investigation<br>J. Edgar Hoover Building<br>935 Pennsylvania Ave., N.W.<br>Washington, DC 20535 | Civil No. _____<br><br><br><br><br><br><br><br><br>COMPLAINT TO<br>COMPEL AGENCY ACTION<br>AND PETITION FOR<br>WRIT OF MANDAMUS<br><br><br><br><br><br>Agency File Nos.:<br>A73-496-074<br>A97-974-978 |

```
        and                              :
                                         :
                                         :
FEDERAL BUREAU OF INVESTIGATION          :
J. Edgar Hoover Building                 :
935 Pennsylvania Ave., N.W.              :
Washington, DC 20535                     :
                                         :
                                         :
        Defendants                       :
                                         :
in their official capacities             :
```

PRELIMINARY STATEMENT

1. Plaintiffs Sarfraz Durrani and Gihane Askar have filed applications to adjust their status to legal permanent residents of the United States, but the Defendants have refused or willfully failed to process or adjudicate Plaintiffs' applications for nearly three years. Plaintiffs have made numerous attempts to have Defendants adjudicate Plaintiffs' applications. Plaintiffs have no other administrative remedies available to them to compel Defendants to act. Defendants' willful failure to adjudicate Plaintiffs' applications causes irreparable harm to Plaintiffs by depriving them of employment authorization, eligibility to travel, and a lawful immigration status allowing Plaintiffs to continue residing in the United States.

2. Defendants have continually refused or failed to perform statutory and regulatory duties owed to the Plaintiffs. Accordingly, Plaintiffs are seeking injunctive and mandamus

relief arising out of the unlawful and unreasonably delayed actions of the Defendants.

## JURISDICTION

3. This Court has federal question jurisdiction over this action pursuant to 28 USC §1331, as Plaintiffs' claims arise under the laws of the United States, particularly 8 USC § 1255, 8 USC § 1153(b), 8 USC § 1154(b), 8 USC § 1182(a), 8 USC § 1182(e), 28 USC § 534(a) and related agency regulations. This Court also has jurisdiction to issue a writ of *mandamus* to compel agency action under 28 USC § 1361, as the Plaintiffs' claims are against officers and employees of the United States and agencies thereof.

4. There are no administrative remedies available to Plaintiffs to redress their grievances described in this complaint. This action challenges the Defendants' procedural policies, practices and interpretations of law and their failure to act, not the discretionary granting or denial of individual petitions or applications. Therefore, the jurisdictional limitations under 5 USC § 701(a)(2) and 8 USC § 1252 do not apply.

## VENUE

5. Venue lies in the District of Columbia under 28 USC § 1391(e)(2), as this is an action against officers and employees of the United States in their official capacities. Defendants Michael Chertoff, Emilio T. Gonzalez and Robert S. Mueller, III,

all perform a significant amount of their official duties and maintain their offices in the District of Columbia.

## PARTIES

6. Plaintiff Sarfraz Durrani is a citizen of India and an applicant for adjustment of status to legal permanent resident, residing in Arlington, Virginia.

7. Plaintiff Gihane Askar is the lawful spouse of Sarfraz Durrani. Plaintiff Askar is a citizen of Egypt and an applicant for adjustment of status to legal permanent resident, residing in Arlington, Virginia.

8. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS), whose office address is DHS, 245 Murray Lane, Building 410, SW, Washington, D.C. 20528.

9. Defendant Emilio T. Gonzalez is Director of the U.S. Citizenship and Immigration Services (USCIS), a bureau of DHS, whose office address is USCIS, 20 Massachusetts Ave., NW, Washington, D.C. 20529.

10. Defendant Paul Novak is the Center Director of the USCIS Vermont Service Center, whose office address is USCIS Vermont Service Center, 75 Lower Welden Street, St. Albans, Vermont 05478.

11. The District Director of the USCIS Washington District Office conducts official business at 2675 Prosperity Ave., Fairfax, Virginia 22031.

12. Defendant Robert S. Mueller, III, is the Director of the Federal Bureau of Investigation (FBI), whose office address is FBI, J. Edgar Hoover Building, 935 Pennsylvania Avenue, NW, Washington, D.C. 20535.

13. Each Defendant is sued in his or her official capacity. Defendants Michael Chertoff, Emilio T. Gonzalez, Paul Novak and the USCIS Washington District Director are responsible for the adjudication, grant and denial of Applications for Adjustment of Status filed by applicants in the District of Columbia and Northern Virginia, including Plaintiffs Durrani and Askar, pursuant to 8 USC § 1103, 8 USC § 1255, 8 CFR § 2.1, 8 CFR § 103.1(a) and 8 CFR § 245.1.

14. Defendants Michael Chertoff, Emilio T. Gonzalez and Paul Novak are responsible for the adjudication, grant and denial of Employment-based Immigrant Visa Petitions filed by Petitioners residing in the District of Columbia and Northern Virginia, including Plaintiff Durrani, pursuant to 8 USC § 1103, 8 USC § 1153(b), 8 USC § 1154(b), 8 CFR § 2.1 and 8 CFR § 204.5.

15. Defendants Michael Chertoff, Emilio T. Gonzalez and Paul Novak are responsible for the adjudication, grant and denial of Applications to Waive Foreign Residence Requirements filed by applicants residing in the District of Columbia and Northern Virginia, including Plaintiff Durrani, pursuant to 8 USC § 1103, 8 USC § 1182(e), 8 CFR § 2.1 and 8 CFR § 212.7(c).

16. Defendant Robert S. Mueller, III, is responsible for providing criminal background information, if any, and name checks relating to aliens within the United States, including applicants for Adjustment of Status, pursuant to 8 USC § 1182(a)(2), 8 USC § 1227(a)(2), 28 USC § 534(a), 28 CFR §§ 20.31(a), (b) and 28 CFR § 20.33(a)(2).

## STATEMENT OF THE CASE

17. On or about January 14, 1999, Plaintiff Durrani was granted asylum status by the Immigration and Naturalization Service (INS), the predecessor agency whose duties have since been delegated to DHS and sub-delegated to USCIS. Plaintiff Durrani's alien identification number is A73-496-074.

18. On or about February 11, 2002, Plaintiff Durrani completed and filed an appropriate Application to Waive Foreign Residence Requirements on Form I-612 with the legacy INS Vermont Service Center, applying to have his two year foreign residency requirement waived. The Vermont Service Center issued Form I-797 on February 15, 2002, indicating receipt of Plaintiff Durrani's Form I-612. The case receipt number is EAC-02-112-50740.

19. The December 5, 2006, publication of the Vermont Service Center processing time for Form I-612 applications is April 30, 2006, which places Plaintiff Durrani's application over four years behind the current adjudication schedule.

20. On or about November 10, 2003, Plaintiff Durrani completed and filed an appropriate Immigrant Petition for Alien Worker on Form I-140 with supporting documents with the legacy INS Vermont Service Center, applying to be classified as a first preference employment based immigrant as an alien of extraordinary ability. The Vermont Service Center issued Form I-797 on November 12, 2003, indicating receipt of Plaintiff Durrani's Form I-140. The case receipt number is EAC-04-029-50312.

21. The December 5, 2006, publication of the Vermont Service Center processing time for Form I-140 extraordinary ability petitions is April 1, 2006, which places Plaintiff Durrani's petition over two years behind the current adjudication schedule.

22. On or about December 18, 2003, Plaintiff Durrani completed and filed an appropriate Immigrant Petition for Alien Worker on Form I-140 with supporting documents with the legacy INS Vermont Service Center, applying to be classified as a second preference employment based immigrant as an alien of exceptional ability requesting a national interest waiver. The Vermont Service Center issued Form I-797 on January 7, 2004, indicating receipt of Plaintiff Durrani's Form I-140. The case receipt number is EAC-04-064-54224.

23. The December 5, 2006, publication of the Vermont Service Center processing time for Form I-140 national interest waiver

petitions is April 1, 2006, which places Plaintiff Durrani's application over two years behind the current adjudication schedule.

24. On or about December 18, 2003, Plaintiff Durrani completed and filed an appropriate Application for Adjustment of Status on Form I-485 with the legacy INS Vermont Service Center, applying to become a permanent resident of the United States. The Vermont Service Center issued Form I-797 on January 7, 2004, indicating receipt of Plaintiff Durrani's Form I-485. The case receipt number is EAC-04-064-54196.

25. The December 5, 2006, publication of the Vermont Service Center processing time for Form I-485 applications is December 31, 2005, which places Plaintiff Durrani's application over two years behind the current adjudication schedule.

26. On or about December 18, 2003, Plaintiff Askar completed and filed an appropriate Application for Adjustment of Status on Form I-485 as a derivative spouse beneficiary of Plaintiff Durrani. Plaintiff Askar filed her application on Form I-485 with the legacy INS Vermont Service Center, applying to become a permanent resident of the United States. The Vermont Service Center issued Form I-797 indicating receipt of Plaintiff Askar's Form I-485. The case receipt number is EAC-04-064-54263. Plaintiff Askar's alien identification number is A97-974-978.

27. The December 5, 2006, publication of the Vermont Service

Center processing time for Form I-485 applications is December 31, 2005, which places Plaintiff Askar's application over two years behind the current adjudication schedule.

28. Since January 7, 2004, Plaintiffs have been unable to have Defendants complete the adjudication of their Applications and Petitions, in spite of Plaintiffs' numerous written and oral requests to USCIS over the past two and one half years. Plaintiffs have exhausted their administrative remedies.

29. Upon information and belief, the FBI has failed to issue to USCIS the results of criminal background checks and/or name checks relating to Plaintiffs in connection with Plaintiffs' Applications for Adjustment of Status for over two and one half years.

30. The Defendants' failure to adjudicate Plaintiffs' I-485 applications prevents and delays Plaintiffs' ability to seek naturalization to become United States citizens, as naturalization applicants must reside continuously in the United States as permanent residents for five years prior to filing a naturalization application, pursuant to 8 USC § 1427(a).

31. The Defendants' failure to adjudicate Plaintiffs' I-485 applications prevents and delays Plaintiffs' ability to establish permanent residency in the United States.

32. The Defendants' failure to adjudicate Plaintiffs' I-485 applications prevents and delays Plaintiffs' ability to obtain permanent employment authorization in the United States.

## CAUSES OF ACTION

### Count I

*Violation of Administrative Procedure Act*

33. Plaintiffs incorporate paragraphs 1 through 32 as if fully stated in this count.

34. Defendants' practices, policies, conduct and failures to act violate the *Administrative Procedure Act*, as the alleged agency action is:

   (a) "unlawfully withheld or unreasonably delayed," under 5 USC § 706(1);

   (b) not concluded "[w]ith due regard for the convenience and necessity of the parties . . . and within a reasonable time," under 5 USC § 555(b);

   (c) "arbitrary, capricious and an abuse of discretion or otherwise not in accordance with law," under 5 USC § 706(2)(A); and

   (d) "without observance of procedures required by law," under 5 USC § 706(2)(D).

35. As a result, Plaintiffs have suffered irreparable harm entitling them to injunctive and other relief.

Count II

*Petition for Mandamus*

36.  Plaintiffs incorporate paragraphs 1 through 32 as if fully stated in this count.

37.  Defendants are charged with a duty to administer and enforce the *Immigration and Nationality Act*, pursuant to 8 USC §1103.  Defendants Michael Chertoff, Emilio T. Gonzalez and Paul Novak have sole responsibility for the adjudication of applications to waive the foreign residence requirement filed under 8 USC § 1182(e).  Defendants Michael Chertoff, Emilio T. Gonzalez and Paul Novak have sole responsibility to adjudicate employment-based petitions filed under 8 USC § 1153(b) and 8 USC § 1154.  Defendants Michael Chertoff, Emilio T. Gonzalez, Paul Novak and the USCIS Washington District Director have sole responsibility for the adjudication of applications for adjustment of status filed under 8 USC § 1255.  Defendant Robert S. Mueller, III, has sole responsibility to provide criminal background records and name checks to USCIS officials, pursuant to 28 USC § 534(a), 28 CFR §§ 20.31(a), (b) and 28 CFR § 20.33(a)(2).  Defendants have willfully and unreasonably delayed and refused to perform their clear, non-discretionary duties.

38.  Plaintiffs have a clear right to have their applications and petitions adjudicated pursuant to the *Immigration and Nationality Act*.

39. Plaintiffs have no administrative remedy to compel defendants to perform their statutory and regulatory duty.

40. Defendants must be compelled to discharge their statutory duties owed to Plaintiffs so that Plaintiffs may be promptly informed of the outcome of their petitions and applications.

## Count III

### *Equal Access to Justice Act*

41. Plaintiffs incorporate paragraphs 1 through 40 as if fully stated in this count.

42. If Plaintiffs prevail, they will seek attorney's fees and costs, pursuant to 5 USC § 504 and 28 USC § 2412.

### RELIEF REQUESTED

43. Wherefore, Plaintiffs pray that this Court:

    (a) Preliminarily and permanently enjoin Defendants from failing to perform a timely adjudication of Plaintiffs' petitions and applications;

    (b) Order Defendants Michael Chertoff, Emilio T. Gonzalez, Paul Novak and the USCIS Washington District Director to perform their duties and immediately adjudicate Plaintiffs' petitions and applications;

(c) Order Defendant Robert S. Mueller, III, to perform his duty and immediately issue the results of criminal background checks and/or name checks to USCIS relating to Plaintiffs;

(d) Award the Plaintiffs attorney's fees and costs under the Equal Access to Justice Act; and

(e) Grant such other relief as the Court deems just, equitable and proper.

Respectfully Submitted,

_____      Dated: 1-16-07
H. Ronald Klasko, Esq.
Attorney for the Plaintiffs
PA Attorney No. 20384

Klasko, Rulon, Stock & Seltzer, LLP
1800 J.F. Kennedy Blvd., Ste. 1700
Philadelphia, PA  19103
215-825-8600

_____      Dated: 1/17/2007
Thomas A. Elliot
Attorney for the Plaintiffs
D.C. Bar No. 259713

Elliot & Mayock
1629 K Street, NW, Ste. 1250
Washington, DC 20006
202-429-1725

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Sarfraz Durrani and Gihane Askar

## DEFENDANTS

Michael Chertoff, U.S. Dept. of Homeland Security; Emilio T. Gonzales, U.S. Citizenship & Immigration Services; Paul Novak, USCIS Vermont Service Center; District Director, USCIS Washington Office; USCIS; Robert S. Mueller, III, Federal Bureau of Investigation

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Arlington, Virginia
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas A. Elliot
Elliot & Mayock LLP
1629 K Street, N.W., Suite 1250
Washington, DC 20006-1641

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
- [ ] 410 Antitrust

○ **B. Personal Injury/Malpractice**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [x] 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/* *2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA* *(non-employment)* | ○ L. *Other Civil Rights* *(non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Sections 1331 and 1361 of 28 U.S.C. - writ of mandamus - to compel adjudication of applications for benefits that have been unreasonably delayed

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:  YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒   If yes, please complete related case form.

DATE 1/19/2007    SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select *one* corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.